[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
FACTS
The plaintiff, James Lavallee, filed a four count complaint on August 6, 1990 against his former employer, the defendant Container Graphics Corporation. The first count alleges a breach of an express or implied contract of employment allegedly contained in the defendant's "Plant Policies and Procedures" handbook. The second count alleges, as the plaintiff has characterized it in his memoranda and at oral argument, a "tortious breach of contract" claim. The third count alleges a breach of the implied covenant of good faith and fair dealing contained in the employment contract. The fourth count alleges misrepresentation.
The defendant filed a motion to strike the second and third counts of the complaint, accompanied by a memorandum of law, on March 8, 1991. The plaintiff filed a memorandum in opposition to the defendant's motion on March 21, 1991.
DISCUSSION
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Conn. Practice Bk. Sec. 152; See Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The Court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The Court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
I. THIRD COUNT
The defendant argues that the third count is legally insufficient because the plaintiff has not alleged any conduct by the defendant which violates an important public CT Page 4988 policy and has not claimed the existence of some special fiduciary relationship between the parties. The plaintiff contends that the defendant erroneously applies the principles pertaining to at-will employment, whereas the plaintiff here alleges that he was employed pursuant to an express or implied contract.
In Magnan v. Anaconda Industries, Inc., 193 Conn. 558
(1984), the court held that an employee hired under a contract of indefinite duration cannot maintain a cause of action in contract for breach of an implied convenant of good faith and fair dealing based wholly upon a discharge without just cause. The court stated, "[w]hile we see no reason to exempt employment contracts from the implication of a covenant of good faith and fair dealing in the contractual relationship, we do not believe that this principle should be applied to transform a contract of employment terminable at the will of either party into one terminable only at the will of the employee or for just cause." Magnan, 193 Conn. 568-69.
However, the court stated that "[f]or those employees not protected by collective bargaining agreements, civil service statutes or other laws, the courts have occasionally found an implied promise to discharge only for cause in the circumstances of particular employment relationships. Sometimes the promise has been found in the representations contained in an employee relations manual or handbook." Magnan, 193 Conn. at 564; see Finley v. Aetna Life and Casualty Co., 202 Conn. 190, 198 (1987).
The plaintiff in this case has alleged that at the time he was hired, the defendant provided to the plaintiff a copy of its "Plant Policies and Procedures" handbook. (Complaint, Third Count, para. 4). The plaintiff alleges that the defendant's policy formed an express or implied contract between the parties which governed the employment relationship. (Complaint, Third Count, para. 5). The plaintiff alleges that the plaintiff's employment was terminated in violation of the parties' contract as set forth in the defendant's policy. (Complaint, Third Count, para. 7).
The plaintiff has alleged facts sufficient to state a cause of action for a breach of an express or implied contract of employment and the implied covenant of good faith and fair dealing contained therein based upon the provisions of the defendant's policy manual. Accordingly, since the plaintiff has alleged that he was employed pursuant to a contract, not that his employment was terminable at will, the plaintiff need not allege facts showing that the defendant CT Page 4989 violated any important public policy or that a special fiduciary relationship existed in order to state a legally sufficient claim. The defendant's motion to strike the third count of the complaint is denied.
I. SECOND COUNT
The defendant argues that the second count of the complaint is insufficient because Connecticut does not recognize a cause of action for tortious breach of contract in the employment context in the absence of a violation of an important public policy. The defendant further alleges that the plaintiff has not alleged the necessary elements to establish negligence.
The plaintiff argues that "[s]ince the Magnan court did not reach the issue of allowable tort actions for breach of a covenant of good faith, its decision does not in any way prohibit an action for tortious breach of an employment contract." The plaintiff further argues that "a review of the plaintiff's allegations indicates that they clearly satisfy the basic allegations of tortious misconduct."
The second count of the complaint alleges in paragraph 9(a) that the defendant's actions in breaching the plaintiff's employment contract were tortious, in that the defendant "acted with intent to deprive the plaintiff of his contractual rights, or in reckless disregard of those rights and defendant intentionally and unreasonably subjected the plaintiff to emotional distress which it should have recognized as likely to result in illness or other bodily harm." The plaintiff further alleges in paragraph 9(b) that the defendant "should have realized its conduct involved an unreasonable risk of causing emotional distress, and should have realized that the distress, if it were caused, might result in illness or bodily harm." The plaintiff alleges in paragraph 10 that as a further result of the defendant's actions, "Plaintiff has suffered mental, physical and emotional distress, damage to his personal and professional reputation, and a permanent blemish on his career."
The plaintiff, at oral argument as well as in his memorandum, stated that the second count alleges "tortious breach of contract." He asserts, at pages 3-4 of his objection to the defendant's request to revise dated September 19, 1990, that the second count of the complaint does not allege a claim for defamation or for intentional infliction of emotional distress.
The plaintiff has included in the second count elements CT Page 4990 of causes of action based upon the tort theories of intentional infliction of emotional distress, negligent infliction of emotional distress and, possibly, defamation, arising from the termination of an employment relationship, and given them the generic title "tortious breach of contract." None of these elements on their own, as alleged, are sufficient to state a cause of action. To the extent that the plaintiff may be attempting to state a tort claim for wrongful discharge, he has not alleged any violation of an important public policy. See Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474 (1980); Magnan,193 Conn. at 558. A "tortious breach of contract" claim, based upon a laundry list of tort theories, is not a cause of action recognized by the Connecticut courts. The cases cited by the plaintiff do not address a "tortious breach of contract" claim but rather deal with recognized tort causes of action based upon the termination of an employment relationship. The defendant's motion to strike the second count of the complaint is granted.
HON. PHILIP DUNN Superior Court Judge